IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| PHILLIP BRYAN HARRIS, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 1:13-CV-71-WLS-MSH |
| KEVIN SPROUL, *et al.*, | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Presently pending before the Court are Defendants' motion for summary judgment (ECF No. 23) and Plaintiff's motion to compel discovery (ECF No. 26) and motion for sanctions (ECF No. 27). For the reasons explained below, Defendants' motion for summary judgment should be granted and Plaintiff's motions are denied.

## BACKGROUND

On April 24, 2013, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This is the second of four lawsuits filed in this Court by Plaintiff against various staff members at Dougherty County Jail (DCJ).[1] In the instant Complaint, Plaintiff alleges that Defendants Sheriff Sproul, Major Lewis, Lieutenant Montgerard, and Officer Shepherd retaliated against him or condoned retaliation against him for his filing of the first lawsuit. Specifically, Plaintiff claims Officer Shepherd threatened Plaintiff after finding out about the other suit, and retaliated by allegedly telling other

---

[1] *See Harris v. Sproul*, No. 1:13-cv-53-WLS-MSH; *Harris v. Gulley*, No. 1:13-cv-127-WLS-TQL; and *Harris v. Sproul*, No. 1:13-cv-128-WLS-TQL.

inmates that Plaintiff was a "child rapist" and that he had AIDS. (Compl. 11-12.) He further alleges that Lt. Montgerard retaliated by delaying the provision of legal materials that Plaintiff required to prosecute his other case (*Id*. at 7-8), and that Sheriff Sproul and Major Lewis were both aware of the retaliation and failed to stop it (*Id*. at 13-18). After preliminary review, these claims were allowed to proceed.

Plaintiff has filed two discovery motions, a motion to compel discovery and a motion for sanctions. Defendants responded contending that both motions should be denied. These motions are ripe for review. Defendants filed their motion for summary judgment on June 18, 2014 (ECF No. 23), and Plaintiff responded on August 4, 2014 (ECF No. 31). Defendants replied (ECF No. 33) and Plaintiff was granted leave to file a sur-reply (ECF No. 38). The motion is now ripe for review.

## DISCUSSION

### I.   Motion for Summary Judgment

Defendants contend that summary judgment should be granted in this case for multiple reasons. Defendants contend, *inter alia*, that Plaintiff failed to exhaust his administrative remedies prior to filing this suit as required by the Prison Litigation Reform Act (PLRA). (Defs.' Br. in Supp. of Mot. for Summ. J. 7-9, ECF No. 23-2.) Furthermore, Defendants argue that Plaintiff has not established sufficient facts to prove that Defendants violated his rights in any way and that the record shows they are entitled to summary judgment. (*Id*. at 14-18.) For the reasons explained below, Defendants' motion should be granted because Plaintiff failed to exhaust his available administrative remedies prior to filing this action on three of his claims and Defendants are entitled to

2

summary judgment on Plaintiff's remaining claims.

### A. Standard of Review

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

### B. Exhaustion of Administrative Remedies

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). Although Defendants here raised the issue in a motion for summary judgment, the argument that a plaintiff has failed to satisfy section 1997e(a) is more properly raised in a motion to dismiss. *Bryant v. Rich*,

3

530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]").  Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings.  *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process."  *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).  "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.*  If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed.  *Id.*  "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion."  *Id.*  The defendant bears the burden of proof during this second step.  *Id.*

Defendants contend that Plaintiff has failed to exhaust his administrative remedies as to three of his claims.  First, Defendants state that although Plaintiff filed a grievance regarding Officer Sheppard's alleged retaliation and threats, he failed to appeal that grievance.  (Defs.' Br. in Supp. of Mot. for Summ. J. 9; Montgerard Aff. Ex D. at 22, ECF No. 23-6.)  Plaintiff responds by arguing that he completed the administrative remedies afforded to him and an appeal was not available because although he filed the grievance as an "emergency grievance" it was not returned to him in a timely manner. (Pl.'s Resp. 8.)  As for Plaintiff's second claim, that Lieutenant Montgerard retaliated against him by delaying the provision of legal materials, Defendants argue that Plaintiff

4

did not file a grievance until after he filed this lawsuit. (Defs.' Br. in Supp. of Mot. for Summ. J. 9.) Plaintiff does not argue otherwise. Finally, as to Plaintiff's third claim, that he was retaliated against due to his religious beliefs, Defendants argue that Plaintiff has never filed a grievance related to religion-based retaliation. (*Id.*) Again, Plaintiff does not dispute this contention.

Because Plaintiff does not dispute the arguments raised against his Complaint with regard to the second and third claims, the Court finds at the first step of the analysis that Defendants' have shown Plaintiff failed to exhaust his administrative remedies for those claims. Accordingly, those claims should be dismissed without prejudice. However, because Plaintiff disputes the facts surrounding the grievance process on his first claim, the Court must move on to step two and "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082.

Plaintiff argues that he should not be punished with dismissal of his claim for failure to exhaust because the grievance he filed was not responded to in a timely manner. (Pl.'s Resp. 8.) He contends that "Defendants withheld the ability to appeal grievances by intentionally not returning [the] Grievance Card to Plaintiff." (*Id.*) Plaintiff admits, however, that he was notified that the grievance was under investigation. (Compl. 8.) Defendants point out that Plaintiff's own filings show he has previously filed grievances without the official grievance cards. (Defs.' Reply 7.) Instead of attempting to appeal the decision to investigate his grievance, Plaintiff filed this lawsuit. That does not comply with the PLRA's requirements.

Plaintiff also argues that because he filed the grievance as an "emergency

grievance," the procedural requirements were not applicable. (Pl.'s Resp. 10.) He contends that emergency grievances are to be given an expedited response of one to two days at most. (Pl.'s Surreply 2, ECF No. 38.) After eleven days had "passed with no return of grievance card which is required to appeal and for a timely appeal," Plaintiff determined that filing this Complaint was the proper course of action. (*Id.*) However, the fact that Plaintiff checked the box on his grievance that he considered the grievance an "emergency" does not make it so. (Defs.' Reply 6.) Defendants show that Plaintiff did not follow the emergency grievance procedure which requires giving the grievance directly to the pod officer, and the grievance was not treated as an emergency grievance throughout the process. (*Id.*) Furthermore, Plaintiff is aware, based on previously filed emergency grievances, that there is an appeals process for emergency grievances as well. (*Id.* at 7; Montgerard Aff. Ex. D at 20, ECF No. 23-6.)

Based on Plaintiff's voluminous grievance filings, it is clear that he is not being prevented from accessing the grievance process. The only suggestion otherwise comes from Plaintiff's conclusory allegations that he is being "blocked" from the process or that officials are withholding documents from him, which is belied by Plaintiff's extensive grievance record. Plaintiff does not deny that he filed this lawsuit before filing an appeal of the grievance at issue here. A warden's failure to respond will not excuse a prisoner from his obligation to file an appeal as allowed by grievance procedures. *Turner v. Burnside*, 541 F.3d 1077, 1084 (11th Cir. 2008); s*ee also Bettencourt v. Owens*, 542 F. App'x 730, 733 (11th Cir. 2013) (prisoner required to appeal in accordance with grievance procedures when warden did not respond within time allotted). Plaintiff has

6

therefore failed to exhaust his administrative remedies with regard to his claim for retaliation by Officer Sheppard, and that claim should likewise be dismissed without prejudice.

### C. Failure to Intervene

Plaintiff's only remaining claim is against Sheriff Sproul and Major Lewis for their alleged failure to intervene when they were made aware of Plaintiff's allegations against Officer Sheppard. Plaintiff alleges that despite numerous grievances, letters, and phone calls from both Plaintiff and his mother, these Defendants refused to investigate the complaints or punish Officer Sheppard. (Pl.'s Surreply 37.) Defendants argue that Plaintiff has not established a claim for failure to intervene because he has not established sufficient facts to constitute a violation of Plaintiff's constitutional rights. (Defs.' Br. in Supp. of Mot. for Summ. J. 16-18.)

A prison official violates the Eighth Amendment "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Carter v. Galloway,* 352 F.3d 1346, 1349 (11th Cir. 2003) (per curiam) (alterations and quotation marks omitted). To survive summary judgment on his § 1983 claim, a plaintiff must "produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Id.* (quotation marks omitted). To satisfy the "deliberate indifference" standard, there must be more than a mere possibility of serious harm; instead, there must be a strong likelihood. *See Edwards v. Gilbert,* 867 F.2d 1271, 1276 (11th Cir.1989). Moreover, "[e]ven assuming the existence of a serious risk of harm and legal causation,

7

the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists—and the prison official must also 'draw that inference.'" *Carter,* 352 F.3d at 1350 (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)).

Plaintiff has failed to produce sufficient evidence to support his claim against Sheriff Sproul and Major Lewis. Plaintiff argues that Officer Sheppard's action in allegedly confronting Plaintiff in his cell and threatening him over the filing of Plaintiff's first lawsuit and in allegedly telling other inmates about Plaintiff's charges, calling him a child rapist, and stating he has AIDS created a substantial risk of serious harm. This is not corroborated by the evidence. Plaintiff has been in protective custody since July 2012.[2] (Defs.' Br. in Supp. of Mot. to Dismiss 18.) He has not been physically assaulted by anyone since the alleged actions of Officer Sheppard. (*Id.*) He has not shown any proof of a serious threat of harm against him, other than his speculation. Such unsupported and speculative allegations do not show that there was a "substantial risk of serious harm" to Plaintiff from which Sheriff Sproul and Major Lewis would be under any obligation to protect him. *See Thompson v. Byrd*, 7:12-CV-99 HL, 2014 WL 652466 (M.D. Ga. Feb. 19, 2014) (finding that where a plaintiff did not suffer any physical injury as a result of comments made, even exposure to general hostilities from other prisoners did not create an actionable risk of harm). Consequently, Defendants are entitled to summary judgment on Plaintiff's failure to protect claim.

---

[2] Defendants' motion includes a copy of the true bill of indictment returned by the Dougherty County Grand Jury in March 2013, but does not otherwise indicate a disposition of the charges.

Furthermore, to the extent that Plaintiff argues that Defendants are liable for violations of the grievance procedure, this claim is not cognizable under 42 U.S.C. § 1983. "[A] prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Dunn v. Martin,* 178 F. App'x. 876, 878 (11th Cir. 2006). Additionally, "[a]s a general rule, a [prison official] may not be held liable under § 1983 for failure to respond to grievances and letters." *Thomas v. Humphrey,* 5:13-CV-108-MTT, 2013 WL 3282892, at *5 (M.D.Ga., June 27, 2013). Thus, to the extent that Plaintiff was asserting a claim for violations of the grievance procedure, Defendants motion for summary should also be granted as to that claim.

## II.   Discovery Motions

Plaintiff moves the Court to compel Defendants to respond to discovery requests served upon them on May 5, 2014. (Pl.'s Mot. to Compel 2, ECF No. 26.) In his motion, Plaintiff admits that the time to respond to his discovery requests would have continued beyond the discovery period. He asks the Court to excuse his unfamiliarity with the procedural rule that discovery requests must be filed such that the response must be due no later than the end of discovery.

Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules. *McNeil v. United States,* 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.") Furthermore, Plaintiff's motion to compel was filed on June 20, 2014, well after the close

9

of discovery on May 19, 2014. As Plaintiff is well aware, motions to compel must be filed before the close of discovery. *See Harris v. Bishop*, No. 1:13-CV-53, slip op. 6-7 (M.D. Ga. July 9, 2014). Plaintiff's motion is denied.

Plaintiff also asks the Court to sanction Defendants for their failure to respond to the discovery requests discussed above. (Pl.'s Mot. for Sanctions 1, ECF No. 27.) Because the Court finds that Defendants were under no obligation to respond to Plaintiff's untimely discovery requests, sanctions are inappropriate. This motion is likewise denied.

## CONCLUSION

For the reasons explained above, it is RECOMMENDED that Defendants' motion for summary judgment (ECF No. 23) be GRANTED. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation. Furthermore, Plaintiff's motion to compel (ECF No. 26), and motion for sanctions (ECF No. 27) are denied.

SO ORDERED and RECOMMENDED, this 16th day of October, 2014.

/s/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE