## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | | |
|---|---|---|
| PHILLIP BRYAN HARRIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.:  1:13-cv-71 (WLS) |
| | : | |
| KEVIN SPROUL *et al.,* | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>ORDER</u>

Before the Court is a Recommendation from United States Magistrate Judge Stephen Hyles in this 42 U.S.C. Section 1983 civil rights action. (Doc. 39.) In the Recommendation, Judge Hyles recommends that the Court grant Defendants Sproul, Lewis, Montgerard, and Shepard's Motion for Summary Judgment (Doc. 23) and deny Plaintiff's Motions to Compel and for Sanctions (Docs. 26, 27).

Judge Hyles' Recommendation provided the Parties with fourteen days[1] from the date of its service to file written objections to the recommendations. (Doc. 39 at 10.) On November 4, 2014 Plaintiff Harris filed thirty-four handwritten pages of Objections to Judge Hyles' Report and Recommendation. (Doc. 41.) The next day, Defendants filed a Response to Harris' Objections. (Doc. 42.)

Harris objects to Judge Hyles' recommendation that his retaliation claims be dismissed for failure to exhaust. The Court notes that Harris' objections largely reiterate and elaborate on his claims regarding retaliation by Defendants Griffin, Lewis, and Sproul. (*Id.* at 2-3, 5-8.) Under 28 U.S.C. § 636, "a [district court] judge . . . shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(A).  Here, upon the review of the Recommendation, the Court finds no reason to disturb the recommended findings.  Judge Hyles

---

[1] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).

1

established clear legal reasoning for the recommended dismissal of the retaliation claims against Defendants Lewis, Griffin, and Sproul for failure to exhaust with citations to and application of proper binding and persuasive authority. The Court therefore **OVERRULES** Harris' Objections as to Judge Hyles' Recommendation that Harris' retaliation claims be dismissed for failure to exhaust and adopts Judge Hyles' findings that Harris did not exhaust these claims.

To the extent that Harris asserts in his Objections new claims of denial of access to a law library (*Id.* at 5-8) and restriction of his right to practice his religion (*Id.* at 4, 17), the Court notes that new claims may not properly be asserted in Objections to a Magistrate Judge's Report and Recommendation.

Harris does not address in his Objections Judge Hyles' Recommendation regarding his failure to intervene claim. The Court notes that Judge Hyles analyzes Harris' failure to intervene claim against Defendants Sproul and Lewis under an Eighth Amendment deliberate indifference standard. However, Harris is a pretrial detainee. (Doc. 23-1 at 1 (stating "Plaintiff has been incarcerated in the Dougherty County Jail since August 20, 2011, and he has been indicted on felony charges of rape, incest, aggravated child molestation, and child molestation).) For accuracy's sake, the Court notes that the Eighth Amendment does not protect pretrial detainees but that the Fourteenth Amendment Due Process Clause does. *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause."); *Hamm v. DeKalb County*, 774 F.2d 1567, 1572 (11th Cir. 1985). Though the precise point in the pretrial phase at which Fourth Amendment protections end and Fourteenth Amendment due process protections begin has not been identified by the Eleventh Circuit, the Court finds that this case, in which Harris has appeared before a judicial officer and been in pretrial detention for an extended period of time, lies clearly within the purview of the Fourteenth Amendment Due Process Clause's protections. *Hicks v. Moore*, 422 F.3d 1246, 1253-54 n. 7 (11th Cir. 2005). Nevertheless, due process protections of pretrial detainees are at least as extensive as Eighth Amendment protections. *Id.* at 1573-74. The Eighth Amendment deliberate indifference standard, therefore, is applicable in this case. *Id.*

Judge Hyles articulates the deliberate indifference standard as applying when officers are subjectively aware that a "substantial risk of serious harm exists." (Doc. 39 (citing *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).) This standard applies to constitutional violations, such as denial of adequate food, shelter, and medical care and failure to protect prisoners from violence, that are "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The Court concurs with Judge Hyles' conclusion that Harris has failed to allege a substantial risk of serious harm to which Sproul and Lewis were deliberately indifferent. (Doc. 39 at 8.) The Court finds that Harris' allegations regarding Shepard's retaliatory conduct simply do not rise to the level of sufficiently serious.

The Court also finds it necessary to consider whether Harris' claim against Sheriff Sproul and Major Lewis survives summary judgment under a theory of supervisory liability since he has alleged that Sproul and Lewis were Shepard's supervisors. (Doc. 1 at 5; *see also* Doc. 23-2 at 11.)  A supervisor can be liable for his subordinates' constitutional violations under 42 U.S.C. Section 1983 "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

> A causal connection may be established when: 1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so.

*Valdes v. Crosby*, 450 F.3d 1231, 1236-37 (11th Cir. 2006) (citing *Cottone*, 326 F.3d at 1360).

Here, there are no facts in the record supporting a finding that Sproul or Lewis personally participated in Shepard's retaliatory actions. Further, there are no facts supporting a finding of a causal connection. The record contains no facts indicating that Sproul or Lewis were on notice of the need to correct a history of widespread retaliation. There are no facts supporting a finding that Sproul or Lewis instituted a custom or policy in deliberate indifference to Harris' right to be free from retaliation, beyond Harris' conclusory statements that Defendants condone Shepard's actions (*E.g.* Doc. 31 at 12.). Finally, there are no facts sup-

porting an inference that Sproul or Lewis directed Shepard to retaliate against Harris. Defendants Sproul or Lewis, thus, cannot be held liable on a theory of supervisory liability and are entitled to judgment as a matter of law.

Upon full review and consideration of the record, the Court finds that Judge Hyles' Recommendation should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the findings made and reasons stated herein. Defendants' Motion for Summary Judgment (Doc. 23) is **GRANTED**, and judgment shall be entered in favor of Defendants.

**SO ORDERED**, this 10th day of November, 2014.


/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**